```
                UNITED STATES BANKRUPTCY COURT
              FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                          )
                                )    Chapter 7
PATSY JOAN CHRISTIANSON,        )
                                )    Bankruptcy No. 08-00078
      Debtor.                   )
```

**ORDER RE: OBJECTIONS TO EXEMPTIONS**

This matter came before the undersigned on March 21, 2008 for telephonic hearing on Trustee's Objections to Debtor's claim of exemptions. Michael Dunbar appeared as Chapter 7 Trustee. Attorney Paul Gandy appeared for Debtor Patsy Christianson. After hearing arguments of counsel, the Court took the matter under advisement. The time for filing briefs has now passed and this matter is ready for resolution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

**STATEMENT OF THE CASE**

Trustee filed an objection to Debtor's exemption of two revolvers. Debtor filed an untimely response and amended her Schedules to change her claim of exemption. The Court sustained Trustee's objection to exemption of the revolvers after Debtor filed her resistance and amended Schedules.

**FINDINGS OF FACT**

On February 13, 2008, Trustee filed an "Objection to Property Claimed Exempt by Debtor" which states in full: "Objection is made to the claimed exemption of two revolvers, for the reason that said property may not be claimed as exempt and the claimed code provision has already been used in full to exempt other property." On the same date, Trustee gave notice that resistances to the objection should be filed by March 4, 2008. No timely resistance was filed.

On March 5, 2008, the Court entered an order prepared by Trustee which states, in pertinent part: "[T]he Trustee's Objection to Exemption of the life insurance policies is sustained." This Order was amended by Order entered March 7, 2008, also prepared by Trustee, which states, in pertinent part:

"[T]he Trustee's Objection to Exemption of the two revolvers is sustained."[1]

In the meantime, on March 6, 2008, Debtor filed 1) a resistance to Trustee's objection to exemption of the revolvers and 2) amendments to Schedules B and C.  At the hearing, Trustee acknowledged that the amendments satisfy his objection to exemption of the two revolvers.  He argues, however, that the exemption was properly denied in light of Debtor's failure to file a timely resistance.

Debtor asserts that Rule 9006(f) adds an additional three days to the bar date making her March 6, 2008 resistance timely although filed after the March 4 bar date.  Trustee argues that Rule 9006(f) does not apply because Debtor received notice of the Objection and the Bar Date electronically rather than by mail.  Debtor further argues that excusable neglect saves her late filing.[2]  She asserts the Court has authority to set aside the Amended Order under Rule 9024.  Trustee's brief states that a remaining issue exists as to whether Debtor should be allowed to claim the revolvers exempt under an alternate exemption section of the code.

## CONCLUSIONS OF LAW

A debtor may amend the list of property claimed as exempt on Schedule B "as a matter of course at any time before the case is closed" and the "debtor shall give notice of the amendment to the trustee and to any entity affected thereby."  Fed. R. Bankr. P. 1009(a).  Parties in interest may filed objections to exemptions within 30 days after amendment of Schedule B.  Fed. R. Bankr. P. 4003(b); In re Peterson, 929 F.2d 385, 387 (8th Cir. 1991).  As a general rule, courts liberally allow amendment of exemption

---

[1]Trustee filed an additional Objection to Exemptions related to Debtor's exemption of tax refunds.  The parties agreed at the hearing that this objection has been resolved.  In order to simplify this ruling, the tax refund exemption issue will not be addressed.

[2]Debtor filed a "Motion for Relief from Order" (Doc. 22) rather than a brief on April 4, 2008 which was the deadline for filing her brief.  The Court will treat this Motion as a brief herein, as this matter essentially considers whether Debtor is entitled to relief from the Amended Order entered March 7, 2008.  Likewise, Trustee's response to this motion (Doc. 23) will be considered his brief herein.

claims.  In re Kaelin, 308 F.3d 885, 889 (8th Cir. 2002).  "The two recognized exceptions to this rule are bad faith on the part of the debtor and prejudice to the creditors."  Id.

Rule 9006(f), which is consistent with Fed. R. Civ. P. 6(e), is known as the "mailbox rule" and states as follows:

> When there is a right or requirement to act or undertake some proceedings within a prescribed period after service and that service is by mail or under Rule 5 (b)(2)(C) or (D) F. R. Civ. P., three days are added after the prescribed period would otherwise expire under Rule 9006(a).

Fed. R. Bankr. P. 9006(f).  By its very language, it applies only in instances when a prescribed period runs from service of a notice.  In re B. J. McAdams, Inc., 999 F.2d 1221, 1225 (8th Cir. 1993).  It is not applicable when the date to file a response is a date certain.  In re Van Houweling, 258 B.R. 173, 174 n.3 (B.A.P. 8th Cir. 2001).  The Court notes that this rule was last amended December 1, 2005.  Also, amendments made in 2001 were intended to extend the three-day "mail rule" to instances where service is by electronic means under Rule 5(b)(2)(D).  See Fed. R. Bankr. P. 9006 advisory committee's note 2001.

Rule 9024 adopts Fed. R. Civ. P. 60(b) which defines the procedure for analyzing motions for relief from judgment or order.  Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996).  Under Rule 60(b)(1), the court may grant relief from a judgment or order because of "mistake, inadvertence, surprise or excusable neglect."  The term "excusable neglect" in this rule "is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence."  Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 394 (1993).  The following rules are derived from Pioneer:

> First, excusable neglect encompasses both simple, faultless omissions and omissions caused by carelessness.  The determination as to whether neglect is excusable is an equitable one, taking into account all relevant circumstances surrounding the party's omission.  Factors to consider include (1) the danger of prejudice to the [plaintiff]; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.

3

In re Payless Cashways, Inc., 230 B.R. 120, 138 (B.A.P. 8th Cir. 1999) (citations omitted), aff'd 203 F.3d 1081 (8th Cir. 2000). Inadvertence, ignorance of the rules or mistakes in construing the rules do not usually constitute excusable neglect. Pioneer, 507 U.S. at 392.

Rule 60(b)(1) gives the court the authority to reconsider an order based on its own mistake of fact. In re 310 Assoc., 346 F.3d 31, 35 (2d Cir. 2003). It also empowers courts to relieve a party from an order for inadvertence, which can be inadvertence on the part of the Court rather than the parties. Buggs v. Elgin, Joliet & Eastern Ry. Co., 852 F.2d 318, 322 (7th Cir. 1988).

**ANALYSIS**

The "mailbox rule" in Rule 9006(f) does not apply here. The bar date for Debtor to file a resistance to Trustee's objections to exemptions was a date certain, i.e. March 4, 2008. It was not a prescribed period of days after service of the motion or notice of bar date. Therefore, Debtor did not have three days after the bar date to file a resistance.

Debtor asks for relief from the order under Rule 9024 for excusable neglect. The neglect identified is that counsel was unaware that Rule 9006(f) was recently amended. Not only is the rule not applicable in this proceeding, it has not been amended since 2005. Therefore, Debtor has failed to show the delay in filing her resistance is excusable.

The Court, however, believes Debtor is entitled to relief from the March 7, 2008 Amended Order based on the Court's inadvertence or mistake. The first Order entered on March 5, 2008 was improvidently granted because it refers to life insurance policies, rather than the two revolvers. Before the Court entered the Amended Order, Debtor filed her resistance, albeit after the bar date. Had the Court been aware of the filing of the resistance, untimely or not, it would have directed that a hearing be set. Instead, without knowledge of Debtor's resistance or amended schedules, the Court entered the Amended Order submitted by Trustee without giving Debtor an opportunity to be heard. Based on the entry of an order on the erroneous facts, the Court concludes that fundamental fairness requires that Debtor should be granted relief from the amended Order under Rule 9024.

Trustee questions whether Debtor is entitled to choose an alternate exemption for personal property after the first claim

of exemption is denied or raises objections.  Courts liberally allow amendment to exemptions.  Trustee and creditors have 30 days to object when exemptions are amended.  At the hearing herein, Trustee acknowledged that the amended exemptions were probably appropriate under the Iowa Code.  Trustee has not asserted the amendment was filed in bad faith or that it prejudiced creditors.  As such, the Court concludes the amended exemptions are appropriate.

**WHEREFORE**, the Amended Order (Doc. 16) filed March 7, 2008 is VACATED.

**FURTHER**, Trustee's Objection to the claimed exemption of two revolvers is DENIED.

**FURTHER**, this ruling resolves Trustee's Objections to Exemptions filed February 13, 2008 (Doc. 6) and March 7, 2008 (Doc. 14) and Debtor's Motion for Relief from Order (Doc. 22) filed April 4, 2008 and Trustee's Response (Doc. 23) filed April 10, 2008.  The Court will not take any further action regarding these documents.

DATED AND ENTERED: April 29, 2008

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE